IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**HELENA AGRI-ENTERPRISES, LLC**                                                    **PLAINTIFF**

v.                                                **CIVIL ACTION NO: 3:23-cv-00037-MPM-RP**

**JEN-RO FARMS, WILLIAM K. EDDINS,
INDIVIDUALLY, and JENNIFER F. EDDINS,
INDIVIDUALLY**                                                        **DEFENDANTS**

**ORDER**

This cause comes before the court on the renewed motion of plaintiff Helena Agri-Enterprises, LLC ("Helena") for summary judgment, pursuant to Fed. R. Civ. P. 56. Defendants Jen-Ro Farms, Williams K. Eddins and Jennifer F. Eddins have responded in opposition to the motion, and Williams and Jennifer have filed their own motions for summary judgment, as to the claims against them in their individual capacities. This court, having considered the memoranda and submissions of the parties, is prepared to rule.

This is a breach of contract case based on allegations that the defendant debtors failed to repay a loan. Defendants Jen-Ro Farms and William K. Eddins executed a Finance Loan Agreement with Helena on January 5, 2021, pursuant to which Helena advanced certain funds ("Advances") to Jen-Ro Farms, which Jen-Ro Farms agreed to pay with interest upon the maturity date identified in its monthly statements. From time to time after January 5, 2021, Jen-Ro Farms received Advances from Helena. Additionally, William and Jennifer Eddins executed Guaranty Agreements on March 10, 2014 and February 6, 2017, pursuant to which they personally guaranteed, individually and collectively, all sums owed to Helena by Jen-Ro Farms.

1

William Eddins signed another Guaranty Agreement on January 24, 2018, which also personally guaranteed all sums owed to Helena by Jen-Ro Farms.

In its initial motion for summary judgment, plaintiff argued that "Jen-Ro Farms has defaulted under the terms of the Finance Agreement by failing to pay the full balance due" and that William and Jennifer Eddins have likewise failed to pay it as required by the Guaranty Agreements which they executed. [Brief at 1-2]. In setting forth the amount which, it contended, it was entitled to recover, Helena wrote that:

> As of June 23, 2023, the Defendants owe Helena $1,119,350.31 which includes a principal balance of $1,050,000.000 and interest of $69,033.87. Interest continues to accrue at the per diem rate of $316.438. In addition, pursuant to the terms of the Finance Agreement and the Guaranty Agreements, the Defendants agreed to pay all costs of collection incurred by Helena, including expenses and reasonable attorneys' fees and court costs in the event a legal action was filed to collect the amounts due. William K. Eddins and Jennifer F. Eddins are individually liable for these amounts pursuant to the Guaranty Agreements signed by them, along with Jen-Ro Farms.

[Brief at 2]. Plaintiff further argued in its brief that:

> Helena has supported its motion with an affidavit of its assistant credit manager, Erika Fryman, testifying that as of June 13, 2023, the total amount owed Helena by the Defendants is $1,119,350.31, and interest continues to accrue daily. In addition, Helena is entitled to its attorneys' fees, collection costs, and court costs. Accordingly, as a matter of law, Helena is entitled to judgment against the Defendants for all sums due pursuant to the Finance Agreement, and personally guaranteed by Jennifer and William Eddins.

[*Id.* at 4-5].

In opposing plaintiff's motion for summary judgment, defendants argued that:

> Defendants would assert that at least two issues of genuine fact exist in the instant case. First, the total amount owed by Defendants in the sum of $1,119,350.31 as alleged by plaintiff is disputed. Defendants would assert that this amount is incorrect and furthermore, excessive and inflated. Secondly, Defendants would state that not all payments made by Defendants have been credited and/or properly applies to the balance as stated by the Plaintiff, specifically a payment in the amount of $6,341.81 that was remitted by Defendants on January 12, 2023. Plaintiff has not shown where said payment was applied to the balance owed on the account of the Defendants. Accordingly, these facts in issue would benefit from continued discovery action and, ultimately, a hearing thereon.

2

[Brief at 1]. In its rebuttal brief, plaintiff denied that it failed to credit the payment in question to plaintiff's balance due, writing that:

> Defendants are incorrect in their argument that the payment of $6,341.81 was not credited to Jen-Ro Farms by Helena. In response to the Defendants' argument, Helena hereto attaches the affidavit of Erika Fryman, its assistant credit manager. Ms. Fryman has testified in her affidavit, attached as Exhibit "1", that Helena properly credited Jen-Ro Farms for its payment of $6,341.81.

[Reply brief at 2].

Based upon these arguments, this court denied plaintiff's summary judgment motion, writing that:

> After reviewing the parties' submissions, it frankly appears to this court that plaintiff has the better of the arguments in this context, and it doubts that it would be to defendants' advantage to pay their attorneys to defend against a case in which their only specific factual objection relates to a very small fraction of the amounts which they borrowed in this case. Nevertheless, this court believes that, in the context of a summary judgment motion which was filed even before a significant amount of discovery had been conducted, its hands are essentially bound by the standard of review, which requires it to view the facts in the light most favorable to defendants, as the non-moving parties. Moreover, to allow a plaintiff to prevail on a summary judgment motion based upon its own helpful proof, without giving defendants an opportunity to develop their own evidence during discovery, raises fairness concerns in this court's mind. That being the case, if defendants insist on paying their attorneys to conduct discovery and, potentially, to participate in what will likely be a brief but nevertheless expensive hearing or jury trial, then this court will not prevent them from doing so.
>
> At the very least, this court concludes that defendants should have the right to depose Ms. Fryman in order to subject her to a robust cross-examination regarding the manner in which she calculated Helena's damages in this case. This court warns defendants, however, that, if they ultimately fail to cast doubt upon the amounts owed as calculated by Helena, then this will simply increase the amount of attorneys' fees which plaintiff is entitled to recover from them in this action. That being the case, this court strongly advises defendants to consider reaching an overall settlement of this case which includes both the amounts owed on the loan and defendants' fees and expenses in prosecuting this action. With this caveat, plaintiff's motion for summary judgment will be denied.

[Slip opinion at 3].

In writing these words, this court frankly anticipated that this case would follow the course of most other cases which have come before it which involve allegations that a debtor failed to repay a loan. In such cases, it is most commonly the case that the defaulting defendant recognizes that it did, in fact, fail to repay the amounts owed, and decides not to actively defend against the lawsuit. That is not what occurred in the wake of this court's initial order in this case. Indeed, far from acquiescing in plaintiff's claims, the individual defendants Williams and Jennifer have filed their own motions for summary judgment, and all defendants continue to strenuously dispute that plaintiff's calculation of damages is accurate. Of course, if this court were to determine that genuine fact issues exist regarding whether even a small fraction of the damages claimed by defendants is accurate, then this would mean that a trial would be required as to damages. This fact, and the fact that this court is required to view the facts in the light most favorable to defendants, as the non-moving parties, makes it quite difficult for it to simply proclaim on summary judgment, in the face of defendants' vigorous denials, that the damages claimed by plaintiff are correct, down to the last penny.

This court notes that, in its renewed motion for summary judgment, Helena buttresses Ms. Fryman's assertions with those of Ashley Goodman, its Credit Manager. [Brief at 4]. Plaintiff notes in its brief that "Ms. Goodman testifies in [her] Affidavit that Helena has credited Defendants with all payments made by them to Helena, including the $6,341.81 that Defendants alleged in response to Helena's motion for summary judgment was not credited to them." *Id.* For their part, defendants continue to dispute the calculations of damages offered by plaintiffs' employees, and the individual defendants argue that they face potential liability only as guarantors and that the debts which they guaranteed have already been paid. Unsurprisingly, plaintiff hotly disputes each of these assertions, writing in its brief that:

4

> First, the Guaranty Agreements signed by William in 2014, 2017, and 2018 are "continuing" and have not expired pursuant to their terms, nor have they been revoked by William or Helena. A continuing guaranty is intended to cover future transactions until revoked.
>
> Next, in an effort to delay Helena's first motion for summary judgment, Defendants claimed the amount owed by them was incorrect because Helena had not credited $6,341.81 to the delinquent balance owed [26]. Although the Court extended the discovery deadline for Defendants to find proof that substantiated their claim - even expressly suggesting that Defendants depose Helena's assistant credit manager - Defendants never took a single deposition. Now William's affidavit attached to his Motion to Dismiss [59-4] states that he has reviewed the delivery tickets for the 2022 farm year and "dispute[s] the total amount alleged to be owed." He contends the amount owed "would be around $600,000.00." [59-4]. Even though Helena has produced all statements, invoices, delivery tickets, and shipping orders for inputs provided to Defendants under the Finance Agreement, Defendants have wholly failed to point this Court to any evidence that the amount claimed owed by Helena is incorrect. Unsubstantiated allegations like the ones made by William in his affidavit are not competent evidence and should not be considered.

[Plaintiff's responsive brief at 2].

After considering the new and renewed summary judgment motions filed by the parties, this court's impression of this case remains the same as stated in its initial order. Namely, it appears to this court that plaintiff's proof in this case may be somewhat stronger than that offered by defendants, but, at the end of the day, both sides rely upon self-serving affidavits offered by their employees and/or themselves. Moreover, the fact that this court is required to view these affidavits and other evidence in the light most favorable to the non-moving parties leads inescapably to the conclusion that a trial will be required in this matter, if it does not settle. Indeed, while it appears likely that either plaintiff's employees or defendants are being less than truthful in their affidavits, it is not this court's place to proclaim on summary judgment which side is telling the truth. This court will therefore deny the summary judgment motions filed by each side and allow jurors to decide the liability and damages issues in this case at trial.

In light of the foregoing, it is ordered that the parties' new and renewed summary judgment motions are denied.

This, the 5th day of November, 2024.

       /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

6